UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOREN NIEBER,<br><br>              Petitioner,<br><br>v.<br><br>JEFF MACOMBER, Secretary,<br><br>              Respondent. | Case No.: 22cv1223-LL-DEB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF No. 18]** |

## I.    INTRODUCTION

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet.") filed by Toren Nieber ("Nieber" or "Petitioner"), a state prisoner proceeding pro se. ECF No. 1. In his Petition, Nieber challenges his San Diego Superior Court conviction in San Diego County Superior Court case number SCD267738. *See id.* at 2.[1] Respondent has filed a Motion to Dismiss. *See* ECF No. 18. The Court has reviewed the Petition, Respondent's Points and Authorities in Support of the Motion, and

---

[1] Page numbers for the Petition, Motion to Dismiss, Memorandum of Points and Authorities in Support of the Motion to Dismiss and lodgments cited in this Order refer to those imprinted by the court's electronic case filing system.

the lodgments filed in this case. For the reasons discussed below, the Court **GRANTS IN PART AND DENIES IN PART** Respondent's Motion to Dismiss. ECF No. 18.

## II. PROCEDURAL HISTORY

On August 14, 2017, a jury found Petitioner guilty of one count of first-degree murder (Cal. Penal Code §§ 187(a), 189), two counts of robbery (Cal. Penal Code § 211), one count of burglary (Cal. Penal Code § 459), and one count of evading an officer with reckless driving (Cal. Veh. Code § 2800.2(a)). ECF No. 19-1 at 1–5. In a bifurcated proceeding the trial court found Nieber had suffered four prior prison terms (Cal. Penal Code §§ 667.5(b), 668), one serious felony prior (Cal. Penal Code §§ 667(a)(1), 1192.7(c)) and one prior strike conviction (Cal. Penal Code §§ 667(b)–(I), 1170.12, 668). *See* ECF No. 19-3 at 11. On October 27, 2017, the court sentenced Nieber to an indeterminate term of 50 years-to-life for murder (Count 1), 18 years for count two, 4 years for count three, and 16 months for count six.[2] *Id.* at 20–21. In addition, the court denied Nieber's motion dismiss the strike and imposed five additional years for the serious felony prior, three years for the three prison priors. *Id.* at 21. In sum he was sentenced to an indeterminate term of 50 years-to-life, plus 31 years and four months. *See id*.

Nieber appealed his conviction to the California Court of Appeal. Petitioner filed his opening brief on August 12, 2018, raising eight grounds for relief. *See* ECF No. 19-4. In supplemental briefing, Nieber added two additional claims: one related to Senate Bill 1437, which took effect January 1, 2019 and altered the elements of felony murder in California; the second related to various fines and fees imposed by the trial court. ECF Nos. 19-7, 19-10. On August 29, 2019, the appellate court affirmed Nieber's conviction but added: "This opinion does not restrict any rights Nieber or [his codefendant] may have under Sen. Bill No. 1437 to petition the superior court for relief." ECF No. 19-13 at 58.

On October 8, 2019, the California governor signed Senate Bill 136 into law. The measure amended California Penal Code section 667.5(b) to limit the offenses for which a

---

[2] The court imposed, but stayed, a 12-year sentence on count four. *See* ECF No. 19-3 at 21.

court could impose a prison prior enhancement. The amendment was set to take effect on January 1, 2020. *See People v. Lopez*, 254 Cal. Rptr. 3d 883, 886 (2019).

On October 3, 2019, Nieber filed a petition for review in the California Supreme Court. ECF No. 19-14. On November 26, 2019, the court jointly denied Nieber's and his codefendant's petitions, stating:

> The petitions for review are denied without prejudice to any relief to which defendants might be entitled to after this court decides *People v. Kopp*, S257844, and without prejudice to any relief wo which defendants might be entitled to under amended Penal Code section 667.5. (See Stats. 2019, ch. 590.)

ECF No. 19-15. The appellate court then issued the remittitur on December 4, 2019. ECF No. 19-16.

On December 7, 2019, Nieber filed a motion to recall the remittitur in the appellate court, arguing that the new law (Senate Bill 136) set to take effect on January 1, 2020 applied to Nieber's sentence and seeking an opportunity to brief the issue. *See* ECF No. 19-17. The Court of Appeal granted Nieber's motion and recalled the remittitur on December 30, 2019. ECF No. 19-18. In doing so the appellate court ordered Petitioner to "file supplemental briefs addressing the potential impact, if any, of Senate Bill No. 136 and the associate amendment to Penal Code section 667.5 on this case." *Id.*

On January 21, 2020, the appellate court modified its prior opinion in the matter, affirmed Petitioner's conviction for the same reasons it had in its previous opinion but, in light of the recent amendment to section 667.5, amended Nieber's sentence by striking the prison prior sentencing enhancements imposed by the trial court. *See generally*, ECF No. 19-21. The appellate court further stated that its "opinion does not restrict any rights Nieber or [his co-defendant] may have under Senate Bill No. 1437." *Id.* at 61.

Nieber then returned to the trial court, filing a petition for resentencing under California Penal Code section 1170.95, which was amended by Senate Bill No. 1437 and renumbered as section 1172.6(d)(2). ECF No. 19-22. After a hearing, the trial court denied Nieber's motion, concluding he was not eligible for resentencing under section 1172.6

because he was a "major participant who acted with reckless indifference" to human life. ECF No. 19-23 at 51.

Nieber appealed the denial of his motion for resentencing to the California Court of Appeal. ECF No. 19-24. He argued that the trial court erred in concluding he was a "major participant." *See id.* On August 22, 2022, the appellate court affirmed the trial court's decision and subsequently denied Nieber's petition for rehearing. ECF Nos. 19-27, 19-29. Nieber filed a petition for review in the California Supreme Court on September 27, 2022 and it was denied without comment or citation on November 16, 2022. ECF Nos. 19-30, 19-31.

Nieber filed his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 18, 2022.[3] ECF No. 1. After being ordered by this Court to show cause that his Petition should not be dismissed for presenting only unexhausted claims [ECF No. 8], Petitioner pleaded exhaustion of his state law remedies on January 20, 2023 [ECF No. 11]. On June 2, 2023, Respondent filed the instant Motion to Dismiss. ECF No. 18.

## III.   PETITIONER'S CLAIMS

Nieber raises the following claims in his federal petition:

(1)   He is entitled to re-sentencing pursuant to California Penal Code section 1170.95(d)(2) because the trial court failed to defer to its preliminary hearing finding that Nieber was not a "major participant" in the crime.

(2)   He was denied his right to a fair trial when the trial court permitted a witness to testify that, in his opinion, video surveillance footage depicted Petitioner,

(3)   He was denied his right to due process and to confront witnesses against him when the trial court excluded impeachment evidence as to prosecution witness, Barry Webb.

---

[3] Nieber filed another federal petition for writ of habeas corpus in which he challenges only the denial of his petition for resentencing. *See Nieber v. Robertson*, 23cv174-LL-DEB, ECF No. 1. That case is currently pending before this Court.

(4) His due process rights were violated when the trial court's jury instruction improperly invited the jury to speculate as to why a prosecution witness refused to testify.

(5) His due process rights were violated when the trial court erroneously instructed the jury as to felony murder.

(6) He was denied his right to effective assistance of counsel for failing to preserve the instructional issues.

(7) The state court improperly declined to resentence him under California Penal Code section 1170.95 which was amended while his appeal was pending, because insufficient evidence to support his conviction for felony murder under the amended statute.

*See generally*, ECF No. 1.

## IV. DISCUSSION

Respondent contends the Petition must be dismissed because Nieber failed to exhaust his state court remedies as to claims two through seven. ECF No. 18-1 at 12–14. Respondent further argues Nieber has failed to state a cognizable federal claim as to all grounds for relief, with the exception of claim six. *Id.* at 15–17. The Court will address Respondent's cognizability arguments first.

### A. Cognizable Claims

Respondent argues claims one through five and seven must be dismissed because they are not cognizable on federal habeas.[4] *See generally* ECF No. 18-1 at 15–17. A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on grounds that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is generally not available for alleged errors of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). The Court will discuss each claim

---

[4] Respondent concedes claim six, which alleges ineffective assistance of counsel, is cognizable on federal habeas. *See* ECF No. 18-1 at 15 n. 3.

in turn.

### 1. Claim One

In his first claim, Nieber argues "the court made a 'prior finding' that petitioner was not a major participant and neither a legislature or any court has disqualified a preliminary hearing conclusion from the requirements and thus a remand is required." ECF No. 1 at 6. Nowhere in his Petition does Nieber cite to any federal or constitutional authority. Indeed, Nieber's argument rests purely on interpretation of California state law—specifically California Penal Code §1170.95. *See id.* Because federal habeas relief is available only for violations of federal law, this claim is not cognizable. *Estelle*, 502 U.S. at 61 (stating "federal habeas corpus relief does not lie for errors of state law"); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (noting that a state court's interpretation of state law binds federal court sitting in habeas corpus); *Souch v. Schaivo*, 289 F.3d 616, 622–23 (9th Cir. 2002) (finding a state prisoner's challenge to trial court's exercise of discretion under state sentencing law failed to state federal habeas claim); *see also, e.g., Huynh v. Lizarraga*, 15-cv-1924-BTM-AGS, 2020 WL 1324826, at *42 (S.D. Cal. Mar. 19, 2020) (applying foregoing authority to claim challenging validity of conviction under Section 1170.95, where petitioner was ineligible for resentencing because he was the actual killer).

### 2. Claim Two

In his second ground for relief, Nieber contends the trial court "erred . . . when it allowed detective Tim Norris to testify . . . [as] to his opinion that a video surveillance[sic] recording showed Petitioner, in violation of his state and federal due process rights to a fair trial under the Fifth, Sixth and Fourteenth Amendments." ECF No. 1 at 7–8. Respondent argues that despite Nieber's assertion that his federal due process rights were violated, his claim is not cognizable because it is based on "the grounds that it violated the state's evidence code." ECF No. 18-1 at 16. But the improper admission of evidence can violate due process if it renders the trial fundamentally unfair. *See Johnson v. Sublett*, 63 F.3d 926, 930 (9th Cir. 1995) (citing *Estelle*, 502 U.S. at 67–68). An evidentiary ruling renders a trial so "fundamentally unfair" as to violate due process if "there are no permissible inferences

the jury may draw from the evidence." *Windham v. Merkle*, 163 F.3d 1092, 1103 (9th Cir. 1998) (quoting *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991)). In his federal petition, Nieber argues that the opinion testimony impermissibly allowed the jury to infer Petitioner's guilt. ECF No. 1 at 7–8. In other words, that the improper admission of evidence rendered the trial fundamentally unfair. While this claim requires Nieber to meet a "heavy burden," it is a cognizable claim on federal habeas. *See Boyde v. Brown*, 404 F.3d 1159, 1172 (9th Cir. 2005) ("A habeas petitioner bears a heavy burden in showing a due process violation based on an evidentiary decision.").

### 3.  Claim Three

Next, Nieber contends in claim three that the "trial court erred by excluding evidence that discredited a prosecution witness," in violation of his right to confront witnesses, present a defense and due process. ECF No. 1 at 9–10. Defendants have a constitutional right to present relevant evidence in their own defense. *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986). The "right to present a defense stems both from the right to due process provided by the Fourteenth Amendment, *see Chambers v. Mississippi*, 410 U.S. 284, 294, (1973), and from the right 'to have compulsory process for obtaining witnesses in his favor' provided by the Sixth Amendment, *see Washington v. Texas*, 388 U.S. 14, 23 (1967)." *Moses v. Payne*, 555 F.3d 742, 756–57 (9th Cir. 2009). Here, Nieber argues his "right to present a defense was violated by preventing him from impeaching a key prosecution witness." ECF No. 1 at 9. Thus, Petitioner has raised a cognizable federal claim. *See e.g.*, *Chambers*, 410 U.S. at 302 (concluding that a defendant's fair trial rights were violated when the combined effect of two state rules of evidence precluded him from effectively impeaching a key witness).

### 4.  Claim Four

In his fourth claim, Nieber argues the jury was improperly instructed that it could "speculate about why a prosecution witness refused to testify and authorized the jury to consider that refusal during deliberations," in violation of his right to due process, confrontation, and trial by jury. ECF No. 1 at 11–12. As Respondent acknowledges, to

obtain federal habeas relief for instructional error, a petitioner must show that the ailing instruction by itself "so infected the entire trial that the resulting conviction violates due process." *See Estelle*, 502 U.S. at 72. Respondent then contends "no such circumstances exist here." ECF No. 18-1 at 16–17. This argument, however, goes to the merits of Nieber's claim, not its cognizability. Determination as to "[w]hether a constitutional violation has occurred will depend upon the evidence in the case and the overall instructions given to the jury." *Duckett v. Godinez*, 67 F.3d 734, 745 (9th Cir. 1995). While the challenged instruction must be more than erroneous, a petitioner may be entitled to habeas relief if there is a "reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (citations omitted). Therefore, the claim is cognizable on federal habeas.

### 5. Claim Five

Nieber's fifth ground for relief is also one of instructional error. He contends the trial court "instructed the jury with an erroneous definition of felony murder" in violation of his right to due process and a fair trial. ECF No. 1 at 13. As discussed above, whether a jury instruction was so erroneous as to render a trial fundamentally unfair is a cognizable federal habeas claim. *See Waddington v. Sarausad*, 555 U.S. 179, 190–91 (2009).

### 6. Claim Seven

Finally, in his seventh claim, Nieber argues "Senate Bill 1437[5] and new Penal Code section 1170.95…appl[y] retroactively requiring reversal of [his] murder conviction" under of the "Fifth, Sixth and Fourteenth Amendments." ECF No. 1 at 15. As discussed

---

[5] Senate Bill 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." *People v. Alaybue*, 51 Cal. App. 5th 207, 212–13, 264 Cal. Rptr. 3d 876 (2020) (quoting Stats. 2018, ch. 1015, § 1). The Court notes that S.B. 1437 did not take effect until January 1, 2019, well after Nieber's August 8, 2017 conviction (ECF No. 19-1) and October 27, 2017 sentencing (ECF No. 19-3).

above, federal habeas relief is not available for errors of state law. *Swarthout*, 562 U.S. at 219. The interpretation and application of state sentencing laws and does not give rise to a federal question cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law").

Specifically, district courts have repeatedly held that whether a petitioner is entitled to relief based on Senate Bill 1437 is solely an issue of state law and does not give rise to a claim cognizable on federal habeas. *See, e.g., Mays v. Montgomery*, 2021 WL 2229082, at *3 (C.D. Cal. Apr. 22, 2021) (collecting cases), accepted by 2021 WL 2223276 (C.D. Cal. June 1, 2021); *Calderon v. Covello*, 2023 WL 5420229, at *3 (N.D. Cal. Aug. 22, 2023). Further, despite Nieber's reference to the federal constitution, he may not transform this state law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996); *see also Doughton v. Montgomery*, 2021 WL 3186567, at *3 (E.D. Cal. July 28, 2021) (rejecting petitioner's attempt to transform his SB 1437 claim into a federal one); *Carter v. Koenig*, 2019 WL 6331375, at *4–5 (C.D. Cal. Oct. 30, 2019) ("[T]hat Petitioner characterizes [his Senate Bill 1437] claims as a violation of his federal constitutional rights is not sufficient, without more, to state a federal claim."); *Esparza v. Lizarraga*, 2019 WL 6749449, at *3 (C.D. Cal. Aug. 7, 2019) ("Nor is the Court aware of any federal constitutional hook to California's reform of the felony-murder and natural-and-probable-consequences doctrines.").

### 7. Conclusion

In sum, the Court finds that claims two through six in Nieber's federal petition are cognizable. Claims one and seven, however, must be **DISMISSED** because they are based on matters of state law and therefore are not cognizable on federal habeas. *See* 28 U.S.C. § 2254(a).

**B.     Exhaustion**

Respondent argues claims two through seven are unexhausted. ECF No. 18-1 at 12–14. A federal court may not grant habeas relief to a person held in state custody unless he has exhausted state judicial remedies on every ground presented in his habeas petition. 28 U.S.C. § 2254(b)(1)(A). To exhaust state judicial remedies, each claim must be fairly presented to the state's highest court. *Rose v. Lundy*, 455 U.S. 509, 518–22 (1982). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999). To do so, the petitioner must describe both the operative facts and the federal legal theory on which the claim is based. *See Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of facts which entitle the petitioner to relief."); *see also Arrendondo v. Neven*, 763 F.3d 1122, 1138 (9th Cir. 2014).

**1.     Claims Two through Five**

As Respondent acknowledges, Nieber presented claims two, three, four and five in his October 3, 2019 petition for review filed with the California Supreme Court. *See* ECF No. 19-14 at 2–3. The court denied the petition "without prejudice to any relief to which defendants might be entitled after this court decides *People v. Kopp*, S257844, and without prejudice to any relief to which defendant might be entitled under amended Penal Code section 667.5." ECF No. 19-1. In sum, the court denied Nieber's claims but left the door open for him to pursue relief as to two issues—one related to *People v. Kopp* and the other, to the recent amendment of section 667.5.

In *People v. Kopp*, the California Supreme Court granted review on the following questions: "Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?" *See People v. Kopp*, 451 P.3d 776 (Cal. 2019) (Order). Thus, the court's reference to *Kopp* was related to a claim about fines and fees—a claim not raised in Nieber's federal petition before this Court.

As for the reference to amended Penal Code § 667.5, as noted above, the California governor signed Senate Bill 136 into law on October 8, 2019.[6] In part, it amended section 667.5(b) such that the "one-year prior prison term enhancement will only apply if a defendant served a prior prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b)." *People v. Lopez*, 254 Cal. Rptr. 3d at 885. Nieber had not raised any issue related to the amendment of section 667.5 in his petition for review, presumably because the bill had not been signed when he filed his petition on October 3, 2019, and the new law would not take effect until January 1, 2020. *See* ECF No. 19-14.

Beyond the two above issues which the California Supreme Court explicitly denied without prejudice, the court's order clearly denies the remainder of the claims raised in Nieber's petition for review. *See id.* That includes claims two through five in the federal petition[7]— none of which are related to the issue presented in *Kopp* or the amendment of section 667.5. Thus, the Court finds claims two through five were fairly presented to the California Supreme Court. *See Gatlin*, 189 F.3d at 888.

While Respondent acknowledges Nieber raised claims two through five in his petition for review, he argues the claims are nonetheless unexhausted because Nieber did not re-raise those issues after the appellate court set aside the remittitur and issued a modified and amended opinion. *See* ECF No. 18-1 at 13. But the reason the appellate court recalled the remittitur was so that it could address one of the issues left open by the

---

[6] Nieber filed his petition for review in the California Supreme Court on October 3, 2019, just days before Senate Bill 136 was signed by the governor. *See* ECF No. 19-14.

[7] In Nieber's federal petition, claims two through five correspond with claims one, two, three and five, respectively, in his petition for review to the state supreme court. *Compare*, ECF No. 1 and ECF No. 9-14.

California Supreme Court—the amendment of Penal Code section 667.5.[8] *See* ECF No. 19-18. In its order granting Nieber's motion to recall the remittitur, the appellate court ordered briefing on "the potential impact, if any, of Senate Bill No. 136 and the associated amendments to Penal Code section 667.5 on this case." *Id*. The appellate court's subsequent modified opinion included discussion of that additional issue but otherwise its opinion was wholly unchanged. Indeed, as to claims two through five, the appellate court's discussion and analysis of these issues was verbatim in both opinions. *Compare*, ECF No. 19-13 and 19-21. And nothing changes the fact that Nieber presented these claims to the California Supreme Court and they were denied. Whether Petitioner could have re-raised those same claims again as a matter of state procedure is not the question. "[E]xhaustion does not require repeated assertions if a federal claim is actually considered at least once on the merits by the highest state court." *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002) (citing *Castille v. Peoples*, 489 U.S. 346, 350 (1989)).

The only authority cited by Respondent for the proposition the claims are unexhausted is *Budd v. Baker*, No. 16-cv-0613-RFB-PAL, 2021 WL 148992 (D. Nev. Jan.

---

[8] Under California law, the court of appeal must issue a remittitur to the trial court after a decision in an appeal. *See* Cal. Rules of Court 8.272(a). Under California law, the court of appeal has the power to recall a remittitur for good cause. *See* Cal. Rules of Court 8.272(c)(2). Good cause is limited, and the recall generally may not be granted to correct judicial error. *In re Gray*, 102 Cal. Rptr. 3d 551, 554 (Ct. App. 2009) (citing *Pacific Legal Foundation v. California Coastal Com*., 33 Cal. 3d 158, 165 (1982)) (internal citations and quotation marks omitted). Other than to correct clerical errors, a remittitur may be recalled only on the ground of fraud, mistake, or inadvertence. *In re Richardson*, 126 Cal. Rptr. 3d 720, 732 (Ct. App. 2011) (citing *Pacific Legal Foundation*, 33 Cal. 3d at 165). "An 'exception' to the rule that a remittitur cannot be recalled to correct an error of law" is made when the error is of such dimensions as to entitle the defendant to a writ of habeas corpus. *In re Gray*, 102 Cal. Rptr. 3d at 556. (citing *People v. Mutch*, 4 Cal. 3d 389, 396–97 (1971)). "The remedy of recall of the remittitur may then be deemed an adjunct to the writ, and will be granted when appropriate to implement the defendant's right to habeas corpus to correct judicial error." *Id*. (citing *Mutch*, 4 Cal. 3d at 396–97) (internal quotation marks omitted).

14, 2021). In *Budd*, the petitioner raised claims in a post-conviction, state habeas proceeding. The lower court denied the petition without appointing counsel. Budd then appealed to the Nevada Supreme Court, which reversed and remanded the case back to the lower court for appointment of counsel to develop the claims. *Id.* at *1. After appointing counsel, the state district court held an evidentiary hearing and denied the claims on the merits. Budd appealed the denial, but in this appeal, he failed to raise some of the claims contained in the original petition. *Id.* When Budd raised those claims in his federal petition, the respondent argued they were unexhausted because the high court had not ruled on the merits of those claims. The federal district court agreed. *Id.* at *4.

But the situation in *Budd* is different from the present case. Budd's first petition filed with the Nevada Supreme Court was not reviewed on the merits. Rather, the court reversed and remanded the case because it found the lower court should have appointed counsel before denying the claims. *Id.* This was not a review of the merits of the claims except to the extent the court found the claims were complex enough to require appointment of counsel. *See id.* Thus, *Budd* is distinguishable from the instant case because here, the state high court denied Nieber's claims on the merits. Because Nieber fairly presented claims two through five to the California Supreme Court, they are exhausted.

### 2. Claim Six

In claim six, Nieber argues: "*In the event this court deems either count three or five waived or forfeited*, reversal is required because Petitioner received ineffective assistance of counsel when counsel failed to either object to improper instruction or to request proper instructions." ECF No. 1 at 14 (emphasis added). Respondent correctly states that Nieber failed to present this claim to the California Supreme Court. Therefore, it is unexhausted.

In addition, the Court finds the claim is moot because it is premised on a finding— that the issues were forfeited—which was never made by the state appellate court.[9] Here,

---

[9] It appears that Petitioner, who is proceeding pro se, relied on arguments and headings contained in his original appellate brief, which was prepared by appellate defense counsel.

the appellate court concluded the issues were neither waived nor forfeited and thus addressed them on the merits. As for the ineffective assistance of counsel claim, the appellate court stated:

> Nieber contends any failure by his attorney to object to the improper jury instruction resulting in a forfeiture of those arguments on appeal amounted to ineffective assistance of counsel. Because we have not found forfeiture with respect of any of those arguments, we need not address Nieber's ineffective assistance of counsel claims.

ECF No. 19-21 at 53.

Because state court found there was no forfeiture, there could be no ineffective assistance of counsel based upon it. "[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citation omitted). Mootness is a threshold jurisdictional issue. *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537 (1978). For habeas corpus petitions, if the petitioner has already received the relief requested, a finding of mootness is required. *See Burnett v. Lampert*, 432 F.3d 996, 999–1001 (9th Cir. 2005); *Flores v. Madden*, 2017 WL 6759133, at *11 (C.D. Cal. Nov. 6, 2017). Here, the forfeiture issues were resolved in Nieber's favor and as such there is no case or controversy at issue. Therefore, claim six is both unexhausted and moot.

### 3. Claim Seven

While the Court has already concluded claim seven must be dismissed for failure to raise a cognizable claim, the Court also finds it is unexhausted. As discussed above, Nieber argues in his federal petition "Senate Bill 1437 and new Penal Code section 1170.95 abrogated the felony murder theory relied upon by the prosecution to obtain a conviction

---

In his brief to the California Corut of Appeal, counsel argued that the jury was improperly instructed and, that if the appellate court found the issue had been waived or forfeited by a failure to object at trial, it was due to ineffective assistance of counsel. *See* ECF No. 9-4 at 106.

on count one 1 [murder] applies retroactively requiring reversal of Petitioner's murder conviction." ECF No. 1 at 15. While Petitioner raised this claim in the California Court of Appeal, *see* ECF No. 19-7 at 7, he failed to do so in his petition for review to the California Supreme Court.[10] *See* ECF No. 19-14. Therefore, claim seven is unexhausted.

### 4. Conclusion

Based on the above, the Court finds Nieber has exhausted claims two through five but failed to exhaust claims six and seven. Generally, when a Petition contains exhausted claims and unexhausted claims the court must dismiss it. *See Rose v. Lundy*, 455 U.S. at 510. However, because the Court finds that claim six must be dismissed as moot and claim and seven must be dismissed as uncognizable, all remaining claims are exhausted. Therefore, dismissal of the entire petition is not required.

## V. CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS IN PART AND DENIES IN PART** Respondent's Motion to Dismiss. The Court **GRANTS** the Motion as to Claims 1, 6 and 7 and **DISMISSES** those claims with prejudice. The Court **DENIES** the Motion as to Claims 2–5;

2. Respondent is **ORDERED** to respond to Claims 2–5. Respondent must file and serve an answer to Claims 2–5 raised in the Petition, and a memorandum of points and authorities in support of such answer, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **April 5, 2024**. At the time the answer is filed, Respondent must lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments must be accompanied by a notice of lodgment which must be captioned "Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office";

3. Petitioner may file a traverse to matters raised in the answer no later than

---

[10] In its amended opinion, the California Court of Appeal found that Nieber was required to return to the state trial court to seek resentencing under Senate Bill 1437. ECF No. 19-21 at 54–57. Petitioner did so and the trial court concluded he was not entitled to relief. *See* ECF Nos. 9-23, 9-24.

**thirty (30) days** of being served with Respondent's answer. Any traverse by Petitioner (a) must state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Petition. No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown; and

    4.    Petitioner must immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute

**IT IS SO ORDERED.**

Dated: February 21, 2024

_____
Honorable Linda Lopez
United States District Judge